USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY LEE DOZIER, JR.,

    Plaintiff,

-against-

C.O. FRANCO,

    Defendants.

17-cv-3348 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Gary Lee Dozier, Jr. ("Plaintiff"), proceeding *pro se*, commenced this action on May 4, 2017, pursuant to 42 U.S.C. § 1983 for alleged Eighth Amendment violations, (*see* Complaint ("Compl."), (ECF No. 1)), against Defendant C.O. Franco ("Franco" or "Defendant"). Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a cause of action and for sovereign immunity pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), respectively ("Defendant's Motion"). (*See* Defendant's Brief in Support of his Motion to Dismiss ("Def. Br.") (ECF No. 14).) Plaintiff has failed to oppose Defendant's Motion. The Court deems the motion fully submitted and renders the following decision on the merits. For the following reasons, Defendant's Motion is GRANTED.

## FACTUAL BACKGROUND

The incident that is central to this case occurred while Plaintiff was an inmate at Sing Sing Correctional Facility ("Sing Sing").[1] (*See* Compl. at 2.)[2] On January 22, 2017, at approximately 9:30 a.m., before walking to "keeplock recreation", Plaintiff was subjected to a frisk by a

---

[1] Plaintiff now resides at Sing Sing Correctional Facility. (*See* Compl. at 1.)
[2] As Plaintiff is proceeding *pro se* and his Complaint is the standard, fillable 42 U.S.C. § 1983 complaint, all citations thereto will be to pages, not paragraphs.

1

corrections officer. (*Id.* at 3.) All inmates must be frisked before they enter "keeplock recreation." (*Id.*) Franco performed the frisk of Plaintiff, and "squeezed, grabbed, and fondled [Plaintiff's] genital area twice." (*Id.*) While he was doing so, he attempted to loosen Plaintiff's "belt and go threw [sic] [his] boxers to do it again." (*Id.*) Plaintiff contends that as a result of this incident, he was given pain medication, but suffers "constant pain in [his] genital area" and "a permanent phobia of being pat frisked." (*Id.*) Plaintiff alleges no other facts.

## LEGAL STANDARD

### I. 12(b)(6)

Dismissal is proper on a 12(b)(6) motion to dismiss unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.

Courts must construe *pro se* pleadings in a particularly liberal fashion, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them "to raise the strongest arguments that they suggest," *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the Court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## II. 12(b)(1)

Without subject matter jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case." *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016); *see also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *Alliance for Envt'l Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006). If an official or entity is entitled to sovereign immunity, a court has no subject matter jurisdiction to hear the case. *See Cooper v. N.Y. State Dep't of Mental Health*, No. 01-CV-943 (AGS), 2001 WL 456348, at *1 (S.D.N.Y. May 1, 2001); *see also Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 37-38 (2d Cir. 1977).

## DISCUSSION

### I. Sovereign Immunity

Defendant moves to dismiss all claims alleged against him in his official capacity as barred by sovereign immunity. (*See* Def. Br. at 4-5.) Plaintiff's Complaint does not specify whether he is suing Defendant in his individual capacity only, or his individual and official capacity. (*See generally* Compl.) To the extent Plaintiff's claims are asserted against Defendant in his official capacity, they are barred by the doctrine of sovereign immunity.

It is axiomatic that a state is immune from suit in federal court, absent abrogation by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-56 (1996); *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990). This immunity extends to agents and employees of DOCCS, as they are considered "arms of the state." *Dube*, 900 F.2d at 594-95; *see also Matteo v. Perez*, No. 16-CV-1837(NSR), 2017 WL 4217142, at *7 (S.D.N.Y. Sept. 19, 2017). Section 1983 has not carved out an exception to the doctrine of sovereign immunity, thus claims against state agents in their official capacity pursuant to Section 1983 are ripe for dismissal. *Matteo*, 2017

WL 4217142, at *7 (citing *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012) and *Koehl v. Dalsheim*, 85 F.3d 86, 88-89 (2d Cir. 1996) for proposition that Section 1983 claims based on official capacity "barred by sovereign immunity"). Defendant's Motion is granted in this regard.

Any state law claims asserted against Defendant in his official capacity are likewise barred and hereby dismissed. *See Parris*, 947 F. Supp. 2d at 365; *Baker v. Coughlin*, 77 F.3d 12, 15-16 (2d Cir. 1996) (state law claims arising "from acts or omissions within the scope of their employment at DOCCS" dismissible for lack of subject matter jurisdiction); *see also* N.Y. Corr. Law § 24 (requiring that lawsuits related to DOCCS employees' conduct within the scope of their employment, be brought in New York Court of Claims against the State).

## II. Eighth Amendment Claim

The crux of Defendant's Motion is that Plaintiff's Complaint must be dismissed for failure to allege facts indicating that the alleged sexual misconduct that occurred during pat frisk rises to the level of an Eighth Amendment claim. (*See* Def. Br. at 1-4.) This Court agrees.

To make out any Eighth Amendment claim, a Plaintiff must "satisfy a two-prong test with both objective and subjective components." *Banks v. William*, No. 11-CV-8667(GBD)(JLC), 2012 WL 4761502, at *3 (S.D.N.Y. Sept. 27, 2012), *report and recommendation adopted by* 2013 WL 764768 (Feb. 28, 2013). There is no doubt that "sexual abuse by a corrections officer can give rise to an Eighth Amendment claim." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) (citing *Boddie v. Schnieder*, 105 F.3d 857, 859 (2d Cir. 1997)). Such conduct amounts to an Eighth Amendment violation where the alleged conduct "serves no penological purpose *and* is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate." *Id.* (emphasis added.) Even a "single incident of sexual abuse, if sufficiently severe or serious, may violate" the inmate's rights. *Id.* Moreover, "even less severe but repetitive conduct may still be cumulatively egregious

4

enough to violate the constitution." *Shannon v. Venettozzi*, 670 F. App'x 29, 31 (2d Cir. 2016) (summary order). The critical inquiry "is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it was taken to arouse or gratify the officer or humiliate the inmate." *Crawford*, 796 F.3d at 257 (citing *Whitley v. Albers*, 475 U.S. 312 (1986). Plaintiff's facts, as alleged, simply do not give rise to an Eighth Amendment violation.

Preliminarily, Plaintiff's facts regarding the description of the event are scant, leaving this Court little room to ascertain the true nature of the conduct. Additionally, this was a single incident that took place during a routine pat frisk to which all inmates were subjected on their way to the "keeplock recreation" area, (*see* Compl. at 3), unlike in *Crawford*, where Plaintiff Corley's incident occurred during his visit with his wife, *Crawford*, 796 F.3d at 298. Most compellingly, Plaintiff fails to allege facts that would demonstrate that the conduct was undertaken to humiliate him or to sexually gratify Defendant. *Compare Bey v. Griffin*, No. 16-CV-3807(VB), 2017 WL 5991791, at *3 (S.D.N.Y. Dec. 1, 2017) (dismissing claim in absence of facts "to suggest the pat frisk was conducted with the intention of humiliating [plaintiff], for the sexual gratification of the C.O.s., or for a malicious purpose"); *Banks*, 2012 4761502, at *4 (dismissing claim where officer "fondled [plaintiff] on a single occasion during a pat-down frisk") *with Crawford*, 796 F.3d at 298 (conduct sufficiently serious where officer made comment that he wanted to "make sure [plaintiff] did not have an erection" when he fondled and squeezed his penis); *Shannon*, 670 F. App'x at 31 (noting that conduct occurred on four occasions, the pat frisks were described as "aggressive and very provocative", and plaintiff was told that if he did not "want to be searched and sexually assaulted" he should "stop coming to prison"). Plaintiff's claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED in its entirety and Plaintiff's Complaint is dismissed. The claims raised against Defendant in his official capacity are dismissed *with* prejudice. The claims for an Eighth Amendment violation against Defendant in his individual capacity, however, are dismissed without prejudice, and Plaintiff is granted leave to re-plead and file an Amended Complaint that alleges more facts to that would shed light on Defendant's intent (such as comments he made at the time) or the circumstances surrounding the frisk, in line with this opinion. To the extent Plaintiff intends to file an Amended Complaint, he must do so on or before July 23, 2018. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 13. Upon review of the DOCCS records, the Court has discovered that Plaintiff is no longer housed at Downstate Correctional Facility. The Clerk of the Court is therefore directed to mail a copy of this Opinion and Order to Plaintiff at Gary Lee Dozier, Jr., 11-A-1948, Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562 and update the docket to reflect this address. Plaintiff is advised that it is his obligation to inform this Court of any and all address changes he has.

Dated: June 22, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge